UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GERALD BUCHANAN, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) No. 1:24-cv-00719-SEB-KMB |
| TRENT ALLEN, | ) ) ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Gerald Buchanan's petition for a writ of habeas corpus challenges his conviction and sanctions in prison disciplinary case ISR 23-06-0506. For the reasons below, his petition is **denied,** and this action is **dismissed with prejudice**.

The Court begins with a discussion of Mr. Buchanan's reply. It was originally due on August 24, 2024. Dkt. 4. He filed two motions for extension of time, on August 19 and September 6, respectively. Dkts. 19, 21. The Court granted those motions on September 11, and extended his deadline to reply through October 11. Dkt. 23. Mr. Buchanan sought no additional extensions of time and failed to file his reply by the deadline. Rather, he filed his reply on February 3, 2025, almost four months late. Dkt. 24.

In addition, the respondent objects to Mr. Buchanan's attempt to raise a claim for the first time in his late reply. Dkt. 25 at 1. The Court agrees that any such claim is waived. *Wonsey v. City of Chicago,* 940 F.3d 394, 398 (7th Cir. 2019) ("arguments raised for the first time in a reply brief are waived."). Finally, the reply discusses at length Mr. Buchanan's contention that he exhausted his administrative remedies. Although the parties disagree on the issue of exhaustion, the Court

finds it more efficient to consider the claims on the merits. *See Washington v. Boughton*, 884 F.3d 692, 698 (7th Cir. 2018). In all other respects, the reply is **disregarded** as untimely.

## I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

Investigator R. Cochran wrote a conduct report stating:

> On June 28, 2023, at approximately 9:15 p.m., I, Investigator R. Cochran was walking the 2B range in HCH. During this, I searched a sealed trash bag containing trays and trash. While searching this I found 1 approximately 11" sharpened metal weapon in one of the trays of trash. I then went and reviewed video and found at 7:43 pm on 6/28/23 II Buchanan, Gerald 873224 2-2B threw the bag of trash out of his cell which contained the weapon out of his cell (sic) onto the range. The trash bag was not altered or messed with after II Buchanan threw it onto the range before I found this weapon.

Dkt. 11-1.

The weapon was placed in evidence and pictures of the weapon were taken. Dkt. 11-2. The pictures were provided to Mr. Buchanan. Dkt. 11-6 at 13–14.

On July 13, a screening officer notified Mr. Buchanan of the charge and provided him with copies of the conduct and screening reports. Dkt. 11-3. At the time of screening, Mr. Buchanan

2

pleaded not guilty but did not request any witnesses or physical evidence. *Id.* After he was screened, he submitted a request for interview form to the screening officer and requested the bag of trash and the tray that Investigator Cochran searched and a copy of the picture of the bag and tray. Dkt. 11-6 at 8-9. He also requested the video to be reviewed to show that there were bags of trash already on the floor from a shakedown of the cells on Range 2B. *Id.*

On July 17, disciplinary hearing officer (DHO) J. Miller reviewed the video and prepared a video review report, which states:

> 7:43 Offender Buchanon [sic] throws out a bag of unknown items from his cell 2-2B onto the range.
> 9:15 The bag Buchanon [sic] threw out goes undisturbed until this time when OII Cochran searches the bag and finds a weapon.

Dkt. 11-5.

Three days later, DHO Miller held the hearing and Mr. Buchanan again pleaded not guilty. Dkt. 11-4. Mr. Buchanan stated that he "asked for evidence of the bag/tray that he said he found it in." *Id.* DHO Miller found Mr. Buchanan guilty of A-106, possession of dangerous contraband/weapon, after considering the photos, video evidence, and Mr. Buchanan's statement. *Id.* DHO Miller reasoned: "Video clearly shows Buchanan throw the bag out on the range. The bag goes undisturbed until staff get it and search it at which time you see them retrieve a weapon out of it." *Id.* DHO Miller sanctioned Mr. Buchanan with a 90-day loss of good-time credit. *Id.*

Mr. Buchanan's appeals were denied and this habeas action followed.

### III. Discussion

Mr. Buchanan raises three grounds in his petition: 1) he was denied exculpatory evidence; 2) there was insufficient evidence to find him guilty; and 3) the DHO was not impartial. Dkt. 1.

1. **Denial of Evidence**

Mr. Buchanan first argues that his request for the bag of trash and tray was denied. Due process affords an inmate in a disciplinary proceeding a limited right to present "evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566. But due process is not violated unless the inmate is deprived of an opportunity to present material, exculpatory evidence. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011), and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008). The petitioner has the burden of establishing that the evidence he was denied was material and exculpatory. *Piggie,* 344 F.3d at 678. "Prison administrators are not obligated to create favorable evidence or produce evidence they do not have." *Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017).

Even though Mr. Buchanan's request for the bag and trash themselves appears to have been denied without explanation, he has failed to demonstrate that such evidence was material or exculpatory. His contention that the tray would have had his cell location on it if it were his is not material because the video itself shows that Mr. Buchanan possessed the bag of trash which had the food tray and the weapon in it. Nothing in the bag would undermine the fact that the weapon was found therein, so such evidence would not be exculpatory.

In addition, it is likely that by the time Mr. Buchanan requested that evidence, on July 13, dkt. 11-6 at 8-9, it would have been discarded, and prison staff are not obligated to produce evidence they do not have. *Manley*, 699 F. App'x at 576.

4

In this case, Mr. Buchanan's request that video of the range be reviewed was granted. The Court's review of the video is consistent with that of the DHO. It is clear from the video that Mr. Buchanan, in cell 2-2, pushes the bag of trash out of his cuff port and tosses it against the wall on the range. Even though other activity occurred on the range, the bag lays there untouched for more than an hour until several officers focus on it and one of them pulls the weapon out of what appears to be a styrofoam container of food. No one touched the bag of trash between the time that Mr. Buchanan tossed it out of his cell and the time it was opened and searched.

There was no due process error under these circumstances. Mr. Buchanan's denial of evidence claim is denied.

## 2. Some Evidence

Mr. Buchanan's second claim is that there was insufficient evidence to find him guilty. He argues that the evidence card was not properly filled out because it did not have the name of the person who possessed the weapon or their Department of Correction (DOC) number. Dkt. 6-7.

In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (same).

Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Jones*, 637 F.3d at 849. The Court may not "reweigh the evidence underlying the hearing

5

officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

Mr. Buchanan's objection to the evidence card is not compelling nor is it material. The card identifies the item found (1 approx 11" sharpened metal weapon), date it was found (6/28/2023), time (approx. 9:15 pm), building or area found (HCH 2 B Range), the officer who found it (R. Cochran), and that the item was delivered to the OII Office by Investigator Cochran on 6/28/2023, at appox 9:30 pm. Dkt. 11-2. At the time the evidence card was filled out, the video evidence had not been reviewed, so prison staff did not know who had placed the trash bag on the range. That is why Mr. Buchanan's name and DOC number were not on the evidence card.

The evidence considered by the DHO – the conduct report, photographs, the video evidence, as well as Mr. Buchanan's statement – leaves no doubt as to Mr. Buchanan's guilt. His challenge to the sufficiency of the evidence fails.

3. **Impartial Decisionmaker**

For his final claim, Mr. Buchanan contends that the DHO failed to give a reason for only partially granting his request for evidence. He also argues that the DHO was not impartial because he said he could not find Mr. Buchanan "not guilty" because Investigator Cochran wrote the conduct report. Dkt. 1 at 8.[1]

A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decisionmaker is necessary to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie*, 342 F.3d at 666; *see also Perotti v.*

---

[1] DHO Miller provided a declaration stating that he "did not tell Buchanan that he had to find him guilty. I based my decision on the evidence." Dkt. 11-12. Even without the DHO's statement, the claim of partiality fails.

6

*Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009). Indeed, "the constitutional standard for impermissible bias is high." *Piggie*, 342 F.3d at 666. Hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Mr. Buchanan does not allege that the hearing officer was in any way involved in the search or investigation at issue. He has failed to present clear evidence that the DHO was biased. Therefore, the presumption of impartiality applies. It appears that Mr. Buchanan simply disagrees with the hearing officer's finding of guilt. As discussed above, the conduct report and video evidence point to only one conclusion – that Mr. Buchanan possessed the weapon before he tossed it out of his cell. The claim that the DHO was not impartial fails.

## IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Buchanan to the relief he seeks. Accordingly, Mr. Buchanan's petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice.** Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 12/18/2025

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

GERALD BUCHANAN
873224
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov